UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BROWN, | CASE NO. 1:01-CV-6526-OWW-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED |
| v. | |
| J. VALOFF, | (Doc. 36) |
| Defendant. | |

I.  Findings and Recommendations

    A.  Procedural History

Plaintiff Peter Brown ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed August 30, 2000, in the United States District Court for the Central District. Following service on defendant Valoff ("defendant"), this action was transferred to this court. On January 27, 2006, plaintiff filed a motion for summary judgment. (Docs. 36-38.) Defendant filed an opposition on March 16, 2006, and plaintiff filed a reply on March 31, 2006. (Docs. 41, 42, 46.)

    B.  Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It is the moving party's burden to establish that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  British Airways Board v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978).

"When the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)).  "But where the moving party has the burden - the plaintiff on a claim for relief or the defendant on an affirmative defense - his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Id.  Here, plaintiff must demonstrate there is no triable issue as to the matters alleged in his complaint. Id.  This requires plaintiff to establish beyond controversy every essential element of his excessive force claim.  Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986).  Plaintiff's evidence is judged by the same standard of proof applicable at trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

  C. Undisputed Facts

1. At all relevant times, plaintiff Brown was an inmate in the custody of the California Department of Corrections (CDC), and incarcerated at California Substance Abuse Treatment Facility/State Prison (SATF), Corcoran, California.

2. At all relevant times, defendant Valoff was employed in a position of authority over plaintiff by CDC as a Correctional Officer and worked at SATF.

3. At all relevant times, defendant was trained by CDC in the use of chemical agent O.C. Spray (Cal. Code Regs. tit 15, § 3277) and trained in the use of force (Cal. Code Regs. tit 15, § 3279).

4. On February 24, 1999, at approximately 3:40 p.m., there was an incident involving plaintiff and defendant.

///

5.      During the incident, defendant applied a burst of pepper spray to plaintiff's face and eyes.

6.      Plaintiff was issued a Rules Violation Report (CDC-115) for battery on a peace officer.

7.      A finding was made that the preponderance of the evidence at the hearing did not substantiate the charge against plaintiff and the Rules Violation Report was dismissed in the interest of justice.[1]

8.      Plaintiff filed an inmate appeal grieving the incident. The appeal was investigated by the Office of Internal Affairs, and plaintiff's allegation of unnecessary force was sustained.

      D.      <u>Eighth Amendment Excessive Force Claim</u>[2]

In his complaint, plaintiff alleges that on February 24, 1999, defendant used excessive force against him. (Comp., § E; Exhibit B-2.) Plaintiff alleges that defendant assaulted him and used pepper spray on him, which led plaintiff to develop three spots in his left eye. (<u>Id</u>.)

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" <u>Hudson</u>, 503 U.S. at 7.

---

[1] Defendant's objection to these facts as irrelevant is rejected. The court has observed that in cases involving claims such as this where the defendants are the moving parties, the state often tenders in support of their motions undisputed, material facts involving disciplinary violations, hearings, and findings of guilt. For this reason, the court is disinclined to view defendant's protestations of irrelevancy with favor.

[2] The court notes that in his complaint, plaintiff alleges that his excessive force claim is brought pursuant to the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The screening order issued by the Central District did not specifically identify plaintiff's claim or mention the legal basis for plaintiff's claim. The complaint sets forth a claim based on the use of excessive force. For convicted prisoners, such a claim is brought pursuant to the Cruel and Unusual Punishment Clause of the Eighth Amendment rather than the Due Process or Equal Protections Clause of the Fourteenth Amendment. Because the complaint sets forth only an excessive force claim and there are no facts alleged which support a due process or an equal protection claim, this action shall be treated as one brought for violation of the Eighth Amendment.

"The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Id. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). With respect to excessive force claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff argues that he is entitled to judgment as a matter of law on his excessive force claim. Plaintiff argues that no cause existed to use of force against him.

The parties do not dispute that an incident occurred between plaintiff and defendant on February 24, 1999, which resulted in defendant applying a burst of pepper spray to plaintiff's face and eyes. (Undisputed Facts 4, 5.) Following the incident, defendant issued plaintiff a Rules Violation Report (CDC-115) for battery on a peace officer. (U.F. 6.)

Plaintiff contends that during the incident, defendant closed a distance of approximately ten to fifteen feet in order to get to plaintiff, and then started poking plaintiff in order to provoke plaintiff into pushing defendant's hands away. (Doc. 37, P's Fact Stmt., ¶¶5, 6.) Plaintiff contends that defendant sprayed him in the face and eyes with pepper spray without cause while he was sitting on the floor against a railing in a submissive manner. (Id., ¶¶7, 8.) Plaintiff contends that following the incident, he developed vision problems, including three spots in his left eye, and must wear glasses. (Id., ¶¶ 21-23.)

1   Plaintiff contends that defendant falsely charged him with battery on a peace officer, and that
2   the Rules Violation Report included many false allegations. (Id., ¶¶9, 10.) Subsequently, a finding
3   was made that the preponderance of the evidence at the hearing did not substantiate the charge
4   against plaintiff and the Rules Violation Report was dismissed in the interest of justice. (U.F. 7.)
5   Plaintiff filed an inmate appeal grieving the incident. (U.F. 8.) The appeal was investigated by the
6   Office of Internal Affairs, and plaintiff's allegation of unnecessary force was sustained. (Id.)

7   Defendant argues that there are triable issues of fact which preclude granting plaintiff's
8   motion. Defendant disputes much of plaintiff's version of events. Defendant contends that he was
9   on the lower tier retrieving a mattress from a cell when plaintiff began yelling at him from the upper
10  tier. (Valoff Dec., ¶¶4-7.) Defendant contends that he told plaintiff to come downstairs if plaintiff
11  needed to speak to him and plaintiff did so. (Id., ¶¶8, 9.) Defendant contends that plaintiff came
12  within one foot of him, refused to back away when instructed to do so, almost immediately returned
13  to within one foot of defendant after being pushed away by defendant, and ignored repeated orders
14  to step back. (Id., ¶¶9-11, 13.) Defendant contends that plaintiff was close enough to strike or head-
15  butt him, and he felt uncomfortable, becoming fearful for his safety when his orders were not having
16  an effect on plaintiff. (Id., ¶¶10, 12, 14.) Defendant contends that he again pushed plaintiff away
17  and at no time poked him. (Id., ¶¶14, 15.) Defendant contends that when he pushed plaintiff away,
18  plaintiff struck his hand sharply. (Id., ¶16.) Defendant contends he stepped back, drew his baton,
19  sounded his personal alarm, and ordered all the inmates to get down. (Id.)

20  Defendant contends that the main purpose in ordering an inmate to get down is to make it
21  difficult for the inmate to assume a fighting position. (Id., ¶19.) Defendant contends that plaintiff
22  did not get down as instructed and after repeated instructions to get down, assumed a squatting
23  position, similar to that of a pitcher in baseball, with clenched fists. (Id., ¶¶17, 18.) Defendant
24  contends that, believing plaintiff's squatting position was unsatisfactory, he again instructed him to
25  get down, but plaintiff remained squatting. (Id., ¶20.) Defendant contends that he did not hear
26  plaintiff state that he could not get down because he has a bad back, and did not see any other
27  officers in the building after he sounded his alarm. (Id., ¶¶21, 22.) Defendant contends he felt
28  vulnerable to attack, warned plaintiff that he would apply pepper spray if plaintiff did not comply,

5

and then applied a burst of pepper spray for approximately one second to plaintiff's face and eyes after plaintiff failed to comply. (Id., ¶¶22-24.) Defendant contends that plaintiff then laid on his side and no other force was used. (Id., ¶25.) Defendant contends that he did not strike any blows and used the minimum force necessary, which he thought was necessary to bring plaintiff under control and cause him to comply with defendant's orders. (Id., ¶27.)

In his reply, plaintiff objects to the consideration of defendant's declaration, contending that defendant's declaration is not based on personal knowledge and does not "show" defendant's competency to testify. (Doc. 46, Reply, § I.) It is clear from reading defendant's declaration that it is based on his personal observation and interpretation of the events at issue. There is no question that defendant was an eye and ear witness to these events and is competent to testify in that capacity based on his personal knowledge. Defendant's declaration meets the requirement of Rule 56(e), and the court is not persuaded otherwise.

Plaintiff also contends that because the declaration was submitted with an electronic signature, counsel was required to state that he has the signed original. (Id., § I.) Local Rule 7-131(f). Plaintiff is correct that defendant's counsel failed to comply with this particular provision of the rule. The court's resources are taxed as it is and this sort of hyper-technical objection serves only to further tax the court's resources by requiring defendant's counsel to cure the deficiency which has caused no prejudice. If plaintiff had a good faith basis for believing the declaration was falsified in some manner or submitted without defendant's knowledge and permission, the court would view the objection differently. However, the fact that plaintiff disagrees with defendant's version of events as set forth in the declaration and believes that defendant is not being truthful in his declaration does not bring into question the authenticity of the declaration itself. The court declines to preclude defendant's declaration. Defendant's counsel is hereby alerted to the provision and, in a separate order, shall be directed to cure the deficiency.

Finally, plaintiff's objection that defendant's documentary evidence was not authenticated is rejected. (Id., § II.) The exhibits are sufficiently authenticated via defendant's counsel's declaration. Regardless, consideration or lack thereof of these documents is irrelevant to resolution of the pending motion. As set forth in the following paragraph, the denial of plaintiff's motion is

compelled by defendant's declaration alone, regardless of the existence of other evidence in support of defendant's position.

The court rejects plaintiff's contention in his reply that his motion should be granted because the dispute raised by defendant is not genuine and no reasonable jury could return a verdict for defendant. (Id., § IV.) The court may not grant plaintiff's motion for summary judgment because plaintiff has a larger stack of evidence. Thus, the submission by plaintiff of evidence beyond his own declaration in support of his motion, such as the dismissal of the Rules Violation Report and the sustainment of his allegation of excessive force by internal affairs, is not dispositive. Defendant has submitted evidence bringing into dispute plaintiff's version of events. The evidence of defendant, as the opposing party, is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of defendant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)). Defendant's declaration creates a triable issue of fact. The court cannot choose to believe plaintiff's version of events over defendant's version of events on summary judgment. It is for the trier of fact to weigh the evidence and make credibility determinations. Accordingly, because there are material issues of fact in dispute in this matter, plaintiff is not entitled to judgment as a matter of law on his excessive force claim against defendant.

E.    Conclusion

Based on the foregoing, the court finds that there exist disputes over material issues of fact which preclude plaintiff from entitlement to summary judgment. Accordingly, the court HEREBY RECOMMENDS that plaintiff's motion for summary judgment, filed January 27, 2006, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 24, 2006**           <u>    /s/ Lawrence J. O'Neill    </u>
b9ed48                                    UNITED STATES MAGISTRATE JUDGE