UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BROWN,<br><br>             Plaintiff,<br><br>     v.<br><br>J. VALOFF,<br><br>             Defendant. | CASE NO. 1:01-CV-6526-OWW-LJO-P<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR AN ORDER REQUIRING PLAINTIFF TO SUBMIT TO AN EYE EXAMINATION<br><br>(Doc. 43) |

Plaintiff Peter Brown ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the court's order of November 3, 2005, the discovery phase of this litigation is open. On March 28, 2006, pursuant to Federal Rule of Civil Procedure 35, defendant filed a motion seeking an order requiring plaintiff to submit to an eye examination. (Docs. 43, 44.) Plaintiff filed an opposition on April 17, 2006, and defendant filed a reply on April 19, 2006. (Docs. 47, 48.)

Rule 35(a) provides in relevant part, "When the mental or physical condition . . . of a party . . . is in controversy, the court . . . may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . ." Fed. R. Civ. P. 35(a). The moving party must show good cause. Id.

Defendant seeks to have plaintiff examined by Donna Seabrooks, M.D., an ophthalmologist, to determine whether plaintiff suffers from visions problems beyond ordinary near or far sightedness, and whether any vision problems arose or were likely to have arisen from the incident in which plaintiff was sprayed with pepper spray. Defendant contends that plaintiff put the condition of his

eyes in controversy by alleging that as a result of being sprayed with pepper spray by defendant, he has three spots in his left eye. Defendant contends that there is no corroborating or supporting documentation, set forth by a qualified medical professional, in plaintiff's medical file concerning the development of spots caused by the pepper spray incident.

Plaintiff opposes defendant's motion on the ground that it is a motion to compel discovery and defendant failed to make a good faith attempt to confer with him to resolve the dispute. Plaintiff also contends that there is no controversy with respect to his vision, and objects to an examination by Dr. Seabrooks. Plaintiff contends that Dr. Seabrooks is likely to be biased against plaintiff and that defendant has not provided any information concerning Dr. Seabrooks' qualifications.

A motion for an order of examination is brought pursuant to Rule 35 and is not the same as motion to compel filed pursuant to Rule 37. For this reason, paragraph 5 in the court's discovery and scheduling order concerning the good faith conferral requirement does not apply to the instant motion. Further, Local Rule 37-251, which is cited to by plaintiff in his opposition, does not apply. (Doc. 33, Disc/Sched Order, ¶5 ln. 5.) Accordingly, the argument that defendant's motion should be denied for failure to make a good faith attempt to confer is rejected.

Although plaintiff contends that his vision is not in controversy, plaintiff alleges in his complaint that following the incident in which he was sprayed with pepper spray by defendant, he developed three little spots in his left eye. (Doc. 1, Comp., Ex. B-2.) In his motion for summary judgment, plaintiff attests that prior to the incident, he had no vision problems and did not have spots in either of his eyes. (Doc. 38, Brown Dec., ¶3.) Plaintiff attests that following the incident, three spots began developing within seventy-two hours, he started developing vision problems, and he required glasses within a month. (Id., ¶4.) Plaintiff attests that he still has three spots in his left eye and vision problems, and still needs to wear glasses. (Id., ¶5.) By claiming that after he was pepper sprayed by defendant, he developed vision problems, including three spots in his left eye, and began wearing glasses, plaintiff placed the condition of his vision in controversy. Any argument to the contrary is baseless.

With respect to Dr. Seabrooks' credentials, Rule 35(a) requires only that the examination be conducted by a suitably licensed or certified examiner, and plaintiff has made no argument that Dr.

1  Seabrooks does not qualify as such. No further showing is required under Rule 35(a). Generally,
2  the examiner sought by the moving party is appointed and there is no basis for deviation from that
3  practice. The contention that Dr. Seabrooks will likely be biased because she was hired by defendant
4  is not grounds for disqualifying Dr. Seabrooks.
5      In conclusion, the condition of plaintiff's vision is in controversy and defendant has shown
6  good cause for his request. Accordingly, defendant's motion for a court order requiring plaintiff to
7  submit to an examination by Dr. Donna Seabrooks, filed March 28, 2006, is HEREBY GRANTED.

9  IT IS SO ORDERED.
10 **Dated:   April 24, 2006**                                  **/s/ Lawrence J. O'Neill**
   b9ed48                                                      UNITED STATES MAGISTRATE JUDGE