1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   PETER BROWN,                                    CASE NO. 1:01-CV-06526-OWW-LJO-P

10                       Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                                    FOR AN EXTENSION OF THE DISCOVERY
11       v.                                         DEADLINE, BUT REQUESTING
                                                    DEFENDANT'S COUNSEL FACILITATE AN
12   J. VALOFF,                                     OLSEN REVIEW OF PLAINTIFF'S MEDICAL
                                                    FILE AND ALLOWING PARTIES LEAVE TO
13                       Defendant.                 FILE ANY FURTHER MOTIONS
                                                    NECESSARY TO EFFECT THE COURT'S
14                                                  ORDER ON THIS ISSUE

15                                                  (Doc. 54)

16                                                  ORDER DENYING DEFENDANT'S
                                                    REQUEST FOR AN EXTENSION OF THE
17                                                  PRE-TRIAL DISPOSITIVE MOTION
                                                    DEADLINE, WITHOUT PREJUDICE TO
18                                                  RENEWAL AT THE TRIAL SETTING
                                                    CONFERENCE

19                                                  (Doc. 61)
20
21   _____/

22   I.      Order

23           A.      Procedural History

24           Plaintiff Peter Brown ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

25   in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

26   complaint filed August 30, 2000, against defendant J. Valoff ("defendant") for use of excessive

27   force, in violation of the Eighth Amendment.  Pursuant to the scheduling order filed on November

28   3, 2005, the deadline for the completion of all discovery, including filing motions to compel, was

1

July 7, 2006, the deadline to amend the pleadings was August 8, 2006, and the deadline for filing pre-trial dispositive motions was September 7, 2006. (Doc. 33.) Pending before the court are plaintiff's motion for an extension of the discovery deadline and defendant's motion for an extension of time to file a motion for summary judgment to commence following resolution of defendant's pending motion to dismiss for failure to exhaust. Each party opposed the other's motion, and plaintiff filed a reply to defendant's opposition.

       B.    <u>Plaintiff's Motion for an Extension of the Discovery Deadline</u>

On April 24, 2006, the court granted defendant's motion for an order requiring plaintiff to submit to an eye examination, filed pursuant to Federal Rule of Civil Procedure 35. (Doc. 51.) The examination, which was conducted by Dr. Seabrooks, apparently occurred on May 11, 2006. (Doc. 55, Def. Opp., Ex. 2, pgs. 2-3 & Ex. 3, pgs. 8-9.) In his motion to extend the discovery deadline, filed August 9, 2006, plaintiff seeks a ninety-day extension of the discovery deadline on the ground that the initial eye examination has led to additional examinations, including an MRI on July 27, 2006. (Doc. 54, Brown Dec., ¶¶3,4.) Plaintiff asserts that he has requested but not received the MRI results, and needs an extension in order to compel production of the test results and/or compel discovery requested prior to the discovery deadline. (<u>Id.</u>, ¶¶5,6.)

Defendant opposes the motion on the ground that plaintiff has not shown good cause for his request, that the motion is untimely, and that plaintiff has had ample time for discovery. (Doc. 55, Def. Opp.) Defendant argues that the MRI examination is not grounds for continuing to conduct discovery and that the MRI examination was not ordered by the court but just so happened to be prescribed the same doctor who conducted the May 11 examination pursuant to the court's order of April 24. (<u>Id.</u>) Defendant also argues that plaintiff can access his medical file and obtain a copy of the report himself. (<u>Id.</u>) Defendant contends that following the May 11 exam, Dr. Seabrooks did order a field vision analysis. (<u>Id.</u>) Defendant contends that he provided plaintiff with copies of these test results, and with his opposition is again providing plaintiff with copies of all documents he has pertaining to plaintiff's eye examination of May 11. (<u>Id.</u>)

In his reply, plaintiff argues that his motion was untimely because Dr. Seabrooks made referrals for additional testing and examinations performed after the discovery deadline, and that on

August 17, 2006, after defendant opposed his motion, two more appointments with Dr. Seabrooks were scheduled. (Doc. 63, P. Reply, Ex. A.) Plaintiff argues that despite defendant's contention that Dr. Seabrooks is his treating physician, he never saw her before and has not requested any test or examinations since the issuance of the court's April 24 order.

Plaintiff attests that he was subjected to an MRI on July 27, 2006, after the discovery deadline, and that he requested but was not provided with a copy of the results. Plaintiff also submits documentary evidence in support of his reply indicating that he was summoned twice for appointments with Dr. Seabrooks on August 17, 2006. Although defendant argues that the July 27 MRI was not related to the eye examination subject to the court's order of April 24 and instead just happened to be ordered by plaintiff's treating physician, who is the same doctor who conducted the May 11 examination, defendant has not submitted any evidence supporting his argument. Indeed, given that defendant sought and was granted permission to have plaintiff independently examined by Dr. Seabrooks, an ophthalmologist, it strikes the court as unusual that a series of subsequent eye examinations by Dr. Seabrook occurring in July and August of 2006 bear no relation to plaintiff's claim of eye injury in this action or the initial examination conducted pursuant to the court's order.

In any event, the examinations do not provide a ground upon which to extend discovery in general or to allow plaintiff to move to compel responses to previously filed discovery requests. The court is concerned that plaintiff be allowed to access the results on his recent eye examinations. It has been the court's experience that although prisoners are allowed to request reviews of their files, on occasion the reviews may be so limited or so untimely as to be effectively unavailable for the purpose of allowing the obtainment of documents from during discovery. To that end, the court requests defendant's counsel, as an officer of the court, assist with the facilitation of an Olsen review of plaintiff's medical file. The court requests that the review take place within the next thirty days if possible, and be of sufficient length to allow plaintiff to review and if necessary photocopy his tests results and any medical records relating to those results (e.g., physician's notes, etc.). The court does not deem it necessary to keep discovery open to allow for this. To the extent that either party encounters difficulties relating to this issue or other issues concerning plaintiff's eye examinations, that party may notify the court. The court will entertain any motions necessary to effect this order,

including considering as a factor either the unwillingness or inability of the parties to agree on the suggested procedure.

        C.    <u>Defendant's Motion for an Extension of Time to File a Motion for Summary Judgment</u>

On August 25, 2006, defendant filed his second motion to dismiss on the ground that plaintiff failed to exhaust the available administrative remedies. (Docs. 57-60.) On August 29, 2006, defendant timely requested an extension of time to file a motion for summary judgment should the court deny his motion to dismiss in whole or in part. (Doc. 61, Motion, pg. 2.) Defendant argues that considerable time and effort are required of all involved, and resources expended on a motion for summary judgment would be wasted should the court grant the motion to dismiss. (<u>Id</u>.) Plaintiff opposes the motion on the ground that it is not supported by good cause. (Doc. 65, P. Opp., pg. 1.)

Plaintiff's assertion that defendant's motion is made in bad faith to harass plaintiff or delay the proceedings to frustrate the inevitable trial is unsupported. (<u>Id</u>., pg. 2.) Plaintiff's suggestion that defendant, via the Attorney General's Office, has unlimited resources is also inaccurate. (<u>Id</u>.) The Attorney General's Office, which is defending this suit, is a governmental agency. Its resources are neither unlimited nor ultimately available without cost. Concern over unnecessary expenditure of governmental resources, including the court's, is indeed a concern of the court.

However, Federal Rule of Civil Procedure 16(b) requires that good cause be shown, and good cause requires that a showing of diligence in complying with deadlines. <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087-88 (9th Cir. 2002). Defendant's motion sets forth only a bare argument concerning resource conservation. As such, it falls short of setting forth good cause sufficient to modify the scheduling order.

The court has an additional concern, which is that the court reached plaintiff's motion for summary judgment on the merits and, after considering evidence submitted by both parties, found that there were triable issues of fact precluding summary judgment for plaintiff. (Docs. 49, 53.) It is unclear why defendant believes he might reach a different result with his own motion for summary judgment. Absent a sound argument directed at that issue, the court would be disinclined to entertain another motion for summary judgment.

4

1    Defendant's current motion for an extension of time must be denied because it is not

2 supported by good cause.  In the event that defendant's motion to dismiss is denied in whole or in

3 part, the court will set this matter for a telephonic trial setting conference.  Defendant may at that

4 time raise the issue again, if he believes he can show good cause and can satisfy the court that his

5 motion for summary judgment would not be an unnecessary expenditure of the court's resources to

6 reach the same result already reached, which is that a trier of fact must determine whether or not the

7 force used against plaintiff "was applied in a good-faith effort to maintain or restore discipline, or

8 maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing

9 Whitley v. Albers, 475 U.S. 312, 320-21 (1986))..

10    C.    Conclusion

11    Based on the foregoing, it is HEREBY ORDERED that:

12    1.    Plaintiff's motion for a ninety-day extension of the discovery deadline, filed August

13          9, 2006, is DENIED;

14    2.    Defendant's counsel is REQUESTED to facilitate for plaintiff an Olsen review of

15          plaintiff's medical file, within the next thirty days if possible and of sufficient length

16          to allow plaintiff to review the results of his recent eye examinations and make

17          photocopies if necessary; and

18    3.    Defendant's motion for a sixty-day extension of time to file a motion for summary

19          judgment to commence upon resolution of defendant's motion to dismiss, filed

20          August 29, 2006, is DENIED, without prejudice to renewal at the trial setting

21          conference.

22

23 IT IS SO ORDERED.

24 **Dated:    September 22, 2006    **            **/s/ Lawrence J. O'Neill    **
   b9ed48                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

5