# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BROWN,<br><br>             Plaintiff,<br><br>     v.<br><br>J. VALOFF,<br><br>             Defendant.<br>_____/ | CASE NO. 1:01-cv-06526-DLB PC<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR CUSTODIAN OF RECORDS TO AUTHENTICATE DOCUMENTS VIA DECLARATION RATHER THAN BY APPEARANCE AT TRIAL |

This matter is set for jury trial on August 7, 2007.  The Pretrial Order provided, in relevant part:

> As discussed during the telephonic trial confirmation hearing, plaintiff shall review defendant's exhibits and the exhibits attached to his complaint.  Any exhibit that plaintiff intends to use at trial that is not an exhibit identified by defendant and is not attached to plaintiff's complaint must be produced to defendant prior to trial.  Plaintiff must also identify which specific documents from his medical file he intends to use at trial.
>
> If there are any documents from plaintiff's medical file which defendant does not intend to use at trial, defendant is required to notify the Court whether he is willing or unwilling to stipulate to their authenticity.  If counsel is unwilling to stipulate to the authenticity of the documents from plaintiff's medical file that plaintiff intends to use at trial, the custodian of records will be required to appear trial.  Defendant's counsel is required to notify the Court whether he is willing to stipulate to the authenticity of documents from plaintiff's medical file or not by **July 24, 2007**.  There should be ample time by that date for plaintiff to have identified which documents from his medical file he intends to use at trial and for defendant's counsel to compare them against the documents defendant intends to use at trial.

(Doc. 94, 14:15-28.)

///

1

1   On July 13, 2007, defendant notified the court that he would not stipulate to the
2   authenticity of documents from plaintiff's medical file plaintiff intends to use at trial because he
3   was not in receipt of plaintiff's exhibits. (Doc. 97.) On July 23, 2007, defendant notified the
4   court that he had received plaintiff's exhibits and is willing to stipulate to the authenticity with
5   the exception of PX-107.10 and PX-107.11. (Doc. 107.) On July 24, 2007, plaintiff filed his
6   opposition to defendant's request to authenticate records by declaration. (Doc. 108.)

7   At issue is defendant's willingness to stipulate to the authenticity of documents from
8   plaintiff's medical file that defendant does not intend to introduce at trial but which plaintiff does
9   intend to introduce. Only two of plaintiff's exhibits are objectionable to defendant. PX-107.10
10  is a Color Plate Exam dated August 17, 2006, and PX-107.11 is a blank form entitled "Health
11  Care Services Request" (CDC form 7362). Defendant contends that the Color Plate Exam has
12  been altered in that an "(H)" appears near the bottom of the form, which is not apparent in the
13  same document from plaintiff's medical file, and the blank form is not likely in plaintiff's
14  medical file and is irrelevant.

15  In his opposition, which was filed in response to defendant's initial notice of
16  unwillingness to stipulate to the authenticity of plaintiff's medical records, plaintiff contends that
17  defendant failed to state whether he is willing or unwilling to stipulate to the authenticity of the
18  records plaintiff intends to use at trial, and that there are relevant medical records which should
19  be in his file but are not. Plaintiff contends that the custodian of records must appear at trial to
20  "(1) stipulate that such sick calls applications timely complaining about plaintiff's eyes are
21  authentic or (2) explain to the jury whay [sic] happened to such sick call applications that should
22  be in plaintiff's medical file." (Doc. 108, pg. 2.)

23  Defendant also has the Color Plate Exam dated August 17, 2006, listed as an exhibit.
24  Plaintiff will be provided with a copy on the morning of trial and may use the unaltered
25  document as an exhibit if need be. At issue is defendant's willingness or unwillingness to
26  stipulate to the authenticity of medical records from plaintiff's medical file and thereby avoid
27  having a custodian of records appear at trial. A blank form does not fall within that category of
28  documents.

1    Plaintiff's first opposition argument is moot, as defendant's July 13 and July 23 filings
2 were both responsive to the court's order concerning his willingness or unwillingness to stipulate
3 to plaintiff's records.  Plaintiff's two arguments in favor of requiring the custodian of records to
4 appear at trial are both misplaced.  Plaintiff is attempting to exceed to scope of that witness's
5 testimony, which is to authenticate records.  The custodian cannot authenticate records that are
6 missing and cannot authenticate missing records based on plaintiff's mention of the records in
7 another document.  Further, plaintiff may not demand the appearance of the custodian of records
8 at trial to explain to the jury why records are missing from his file.  If plaintiff intended to inquire
9 into that issue, plaintiff needed to have listed his own witness competent to testify, and provided
10 the funds to subpoena that witness.

11    In conclusion, plaintiff has set forth no grounds to support commanding the custodian of
12 records to appear at trial.  Defendant's objection to plaintiff's Color Plate Exam exhibit may be
13 overcome by use of defendant's exhibit of this record, and defendant's objection to the blank
14 form as not being a part of plaintiff's medical records is sustained.

15    Accordingly, for the reasons set forth herein and based on defendant's willingness to
16 stipulate to the authenticity of plaintiff's medical records except for PX-107.10 and PX-107.11, it
17 is HEREBY ORDERED that Marc Weeks, the custodian of records, may authenticate by
18 declaration and is not required to personally appear for trial.

20    IT IS SO ORDERED.

21    Dated:   **July 26, 2007**              /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE