# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>J. VALOFF,<br><br>    Defendant.<br>_____/ | CASE NO. 1:01-cv-06526-DLB PC<br><br>ORDER DENYING MOTION FOR TRANSFER BACK TO CMF<br><br>(Doc. 112)<br><br>ORDER REQUESTING DEFENDANT'S COUNSEL CONTACT LITIGATION COORDINATOR RE PLAINTIFF'S ACCESS TO PROPERTY FOR TRIAL PREPARATION<br><br>ORDER DIRECTING CLERK'S OFFICE TO RE-SERVE ORDER #110 ON PLAINTIFF AT CSP-CORCORAN<br><br>(Doc. 110) |

     Plaintiff Peter Brown ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for jury trial on August 7, 2007, at 9:00 a.m. before the undersigned.

    A.    <u>Motion for Order Mandating Transfer Back to CMF</u>

     Plaintiff was transferred from the California Medical Facility ("CMF") in Vacaville to California State Prison-Corcoran ("CSP-Corcoran") on July 25, 2007. On July 30, 2007, plaintiff filed a motion seeking a court order mandating his immediate transfer back to CMF.

     Plaintiff appears to misunderstand the court's order directing prison officials to produce him for trial on August 7, 2007. Where prison officials choose to house plaintiff, and when they transfer

1

him, to effect compliance with the court's order is within their discretion and not subject to the court's oversight in this instance. CSP-Corcoran is the closest prison to the courthouse and in the court's experience, inmates are almost always transferred there prior to trial and housed there during the duration of the trial. The court's order does not entitle plaintiff to transfer from CMF to the courthouse each day during the duration of the trial. Plaintiff's motion for an order transferring him back to CMF shall be denied.

Given that prisoners are sometimes separated from their property during transfer and may not gain access immediately following transfer, defendant's counsel is requested to contact the Litigation Coordinator at CSP-Corcoran and ensure that prison officials are aware that plaintiff has a jury trial next week and needs access to his property to prepare. Any access is of course subject to limitations necessary to preserve the safety and security concerns of the institution, as determined by prison officials at CSP-Corcoran.

B. <u>Re-Service</u>

On July 26, 2007, the court issued an order granting defendant's motion to have the custodian of records authenticate documents via declaration. In light of plaintiff's transfer to CSP-Corcoran, the Clerk's Office shall be directed to re-serve the order on plaintiff at his new address of record.

C. <u>Order</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order mandating his transfer back to CMF, filed July 30, 2007, is DENIED;
2. Defendant's counsel is requested to contact the Litigation Coordinator at CSP-Corcoran, and ensure that prison officials are aware that jury trial is next week and plaintiff will need access to his property for trial preparation; and
3. The Clerk's Office shall re-serve order #110 on plaintiff at CSP-Corcoran.

IT IS SO ORDERED.

**Dated:   August 1, 2007**                         **/s/ Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE